UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XUEJUN ZOE MAKHSOUS, <br><br> Plaintiff, <br><br> v. <br><br> NICHOLAS A. MASTROIANNI II <br> YING DING <br> RICHARD HADDAD <br><br> and <br><br> US IMMIGRATION FUND, LLC, aka USIF, US IMMIGRATION FUND-NY, LLC, 701 TSQ 1000 FUNDING, LLC, aka 701 Fund, 701 TSQ 1000 FUNDING GP, LLC, aka 701 Manager, NYC 1000 INVESTMENT, LLC, aka 701 Fund Co-Manager, 1568 BROADWAY FUNDING 100, LLC, aka 702 Fund, 1568 BROADWAY FUNDING 100 GP, LLC, aka 702 Fund Manager, AYB FUNDING 100, LLC aka AYB II Fund, 1568 AYB FUNDING 100 GP, LLC aka AYB Fund Manager, NYC 2000 INVESTMENT, LLC, aka 702 Fund Co-Manager, CAPITAL 600 INVESTMENTS, LLC, aka Regional Center Co-Manager, QIAOWAI INTERNATIONAL GROUP USA, LLC, QIAOWAI INTERNATIONAL HOLDING, LLC, QIAOWAI GROUP INTERNATIONAL TRAVEL AGENCY HOLDINGS, INC., <br><br> Defendants. | 1:19-cv-01230 <br> Judge Andrea R. Wood <br><br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO THE COURT'S INHERENT POWERS AND RULE 11 AGAINST PLAINTIFF <u>XUEJUN ZOE MAKHSOUS</u>** |

| | |
|---|---|
| OTTERBOURG P.C. <br> 230 Park Avenue <br> New York, New York 10169 <br> (212) 661-9100 <br> (212) 682-6104 | LAWRENCE KAMIN LLC <br> 300 South Wacker Drive, Suite 500 <br> Chicago Illinois 60606 <br> (312) 372-1947 <br> (312) 372-2389 |

*Attorneys for Defendants Nicholas A. Mastroianni II, U.S. Immigration Fund, LLC, U.S. Immigration Fund – NY, LLC, 701 TSQ 1000 Funding, LLC, 701 TSQ Funding GP, LLC, NYC, 1000 Investment, LLC, 1568 Broadway Funding 100, LLC, 1568 Broadway Funding 100 GP, LLC, AYB Funding 100, LLC, 1568 AYB Funding 100 GP, LLC, 2000 Investment LLC, Capital 600 Investments, LLC and Richard Haddad*

5682097.2

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ii

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 3

    I.    ZOE MA HAS VIOLATED RULE 11 AND
SANCTIONS ARE WARRANTED FOR THE VIOLATIONS ............................ 3

        A.    Rule 11 Legal Standard for Sanctions ............................................................. 3

        B.    Zoe Ma Has Violated Rule 11(b)(1) and (3) ................................................... 6

            1.    Zoe Ma Lacks Standing ....................................................................... 7

            2.    There Is No Causation Or Injury In Fact ............................................ 7

            3.    The RICO Claims Lack Any Evidentiary Support ............................. 7

            4.    The State Law Claims Have No Merit ............................................... 8

        C.    Zoe Ma Has Violated Rule 11(b)(2) by Ignoring Precedent .......................... 9

    II.    THE COURT'S INHERENT POWERS TO
CONTROL LITIGANTS SHOULD BE INVOKED TO
SANCTION PLAINTIFF FOR HER EGREGIOUS CONDUCT ......................... 10

        A.    Inherent Powers Legal Standard for Sanctions ............................................ 10

        B.    Plaintiff Perpetrated a Fraud Upon This Court ............................................. 11

            1.    Misrepresentations in Court .............................................................. 11

            2.    Fraud in the Pleadings ....................................................................... 11

        C.    Zoe Ma Is Engaging in the Unauthorized Practice of Law ......................... 12

CONCLUSION ............................................................................................................................. 15

## TABLE OF AUTHORITIES

Page

Cases

*Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997) ............................................................. 10

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) ................................................................. 6

*Bell v. Vacuforce*, LLC, 908 F.3d 1075 (7th Cir. 2018) .............................................................. 6, 9

*Brandon Apparel Grp., Inc. v. Quitman Mfg. Co.*, 52 F. Supp. 2d 913
    (N.D. Ill. 1999) ........................................................................................................................ 8-9

*Bryant v. Brooklyn Barbecue Corp.*, 932 F.2d 697 (8th Cir. 1991) ................................................. 6

*Business Guides, Inc. v. Chromatic Commc'ms Enters., Inc.*, 498 U.S. 533,
    111 S. Ct. 922 (1991) ................................................................................................................. 4

*Cannon v. Burge*, No. 05 C 2192, 2007 WL 2278265 (N.D. Ill. Aug. 8, 2007) ............................. 7

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S. Ct. 2123 (1991) ............................................ 10-11

*Gurary v. Winehouse*, 235 F.3d 792 (2d Cir. 2000) ........................................................................ 4

*McDonald v. Schenker*, 18 F.3d 491 (7th Cir. 1994) ...................................................................... 8

*Midwest Grinding Co. v. Spitz*, 976 F.2d 1016 (7th Cir. 1992) ................................................... 8, 9

*Retired Chicago Police Ass'n v. Firemen's Annuity & Benefit Fund*,
    145 F.3d 929 (7th Cir. 1998) ..................................................................................................... 4

*Rotheimer v. Kalata*, No. 12-CV-1629, 2015 WL 996640
    (N.D. Ill. Mar. 3, 2015) ....................................................................................................... 11, 13

*Royce v. Michael R. Needle, P.C.*, 158 F. Supp. 3d 708 (N.D. Ill. 2016),
    *opinion amended and supplemented sub nom. Royce v. Needle*,
    No. 15 C 259, 2016 WL 398182 (N.D. Ill. Feb. 2, 2016) .......................................................... 5

*Starfish Inv. Corp. v. Hansen*, 370 F. Supp. 2d 759 (N.D. Ill. 2005) ............................................. 8

*U.S. v. Johnson*, 327 F.3d 554 (7th Cir. 2003) ................................................................. 11, 13, 14

*Valley Forge Ins. Co. v. Hartford Iron Metal*, 2016 U.S. Dist. LEXIS 110474
    (N. D. Ind. Aug. 19, 2016) ......................................................................................................... 2

*Vukadinovich v. McCarthy*, 901 F.2d 1439 (7th Cir.1990),
  cert. denied sub nom. *Vukadinovich v. Krawczyk*, 498 U.S. 1050,
  111 S. Ct. 761, 112 L.Ed.2d 780 (1991) ................................................................................4

*Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796 (5th Cir. 2003) ............................................6

*Yeftich v. Navistar*, 722 F.3d 911 (7th Cir. 2013).............................................................................6

Statutes and Rules

18 U.S.C. § 1952................................................................................................................................8

18 U.S.C. § 1964............................................................................................................................7, 8

18 U.S.C. § 2314................................................................................................................................8

18 U.S.C. § 1962................................................................................................................................7

Fed. R. Civ. P. 8.................................................................................................................................2

Fed. R. Civ. P. 11...................................................................................................................... *passim*

Wyoming State Bar and the Authorized Practice of Law Rule 7(c)(9)..........................................15

Treatises

2 MOORE'S FEDERAL PRACTICE 3D § 11.11[2][a] (Matthew Bender 3d ed.) ...............................4

Moving Defendants[1] respectfully submit this Memorandum of Law in support of their Motion for Sanctions (the "Sanctions Motion") pursuant Fed. R. Civ. P. 11 ("Rule 11") and pursuant to this Court's inherent powers to protect itself from vexatious litigation against Plaintiff Xuejun Zoe Makhsous also known as Zoe Ma ("Plaintiff" or "Zoe Ma") as the party who signed the First Amended Complaint dated April 17, 2019 (the "AC").

## PRELIMINARY STATEMENT[2]

This Court should sanction Zoe Ma both under Rule 11 and the Court's inherent powers to control the conduct of those who appear before it.

Sanctions are appropriate against Zoe Ma pursuant to Rule 11 because (a) the claims the AC against are not warranted by existing law or a good faith extension thereof, (b) the AC presents frivolous arguments, (c) the factual contentions in the AC have no evidentiary support, (d) Plaintiff did not remedy deficiencies in her original Complaint that Defendants addressed in the original Motion to Dismiss, and (e) the AC was filed merely to harass the Defendants and increase litigation costs. The requisite notice to Zoe Ma of Defendants' intention to file a Rule

---

[1] The Moving Defendants (the "Defendants") filing this motion are Nicholas A. Mastroianni II, Richard Haddad, U.S. Immigration Fund, LLC ("USIF"), U.S. Immigration Fund – NY, LLC ("USIF-NY" or the "Regional Center"), 701 TSQ 1000 Funding, LLC ("701 Fund" or "Company"), 701 TSQ Funding GP, LLC ("Manager"), NYC 1000 Investment, LLC, 1568 Broadway Funding 100, LLC ("702 Fund"), 1568 Broadway Funding 100 GP, LLC, AYB Funding 100, LLC ("AYBII Fund"), AYB Funding 100 GP, LLC ("AYBII Manager"), NYC 400 Investment, LLC ("AYBII Fund Co-Manager"), NYC 2000 Investment LLC and Capital 600 Investments, LLC.

[2] For a full recitation of the facts, reference is made to the accompanying Declaration of Richard G. Haddad, dated May 17, 2019 (the "Haddad Declaration" or "Haddad Decl.").

11 motion together with the proposed motion was provided more than twenty-one days before the filing of the AC and ignored. (Haddad Decl., ¶ 5, Exhibit C).[3]

Sanctions are also appropriate under the Court's inherent powers because Plaintiff Zoe Ma has exhibited an egregious pattern of improper behavior that cannot be countenanced. First, she has perpetrated a fraud upon the Court by misrepresenting on the record at a hearing for argument on motions to dismiss that she needed time to hire an attorney and also to allow certain Chinese investors in Defendants' EB-5 immigration investment programs to likewise engage counsel and appear in the AC as co-plaintiffs, none of which happened. Second, she also has perpetrated a fraud upon the Court in her pleadings: (a) by continuing to assert in the AC the same unjustifiable claims from the initial Complaint despite being specifically questioned by the Court as to whether she has any standing or basis for her own claims arising from allegations of misconduct directed toward the third party Chinese investors, and **not her** (*see* Haddad Decl. ¶¶ 3-7), and (b) by improperly asserting new causes of action for malicious prosecution and defamation against Defendants and their New York attorney representing them in this action, Richard Haddad ("Attorney Haddad"), as well as other nonsensical claims for "collusion" and conversion, all of which Zoe Ma asserted solely to obstruct and harass defendants, cause delay and increase costs (*see id.* ¶ 8). This behavior is demonstrative of a pattern of asserting unfounded claims to harass, as more fully discussed below and in the Haddad Declaration. Third, Zoe Ma has continued the unauthorized practice of law in the states of Illinois, New York

---

[3] The AC also violates Fed. R. Civ. P. 8 in that the AC is 94 pages of prolix, unclear and confusing allegations with 34 separate disorganized exhibits. Such would have been avoided if Zoe Ma engaged a lawyer she had as represented to this Court she would do. *See Valley Forge Ins. Co. v. Hartford Iron Metal,* 2016 U.S. Dist. LEXIS 110474 (N. D. Ind. Aug. 19, 2016) ("Rather than amend the complaint to cure the obvious problems … [the pleading party] chose to double down by filing an amended complaint that was even longer and more inscrutable.")

and elsewhere, despite being specifically warned by this Court that Plaintiff may neither represent any Chinese investor "clients" nor assert any such claims for them because she is not a lawyer, all of which is demonstrated (a) by the AC itself (*see id.* ¶¶ 11-14), (b) by recent activity in a suit filed in New York State Supreme Court but described in the AC, whereby Zoe Ma apparently prepared an affidavit purported to be sworn to by a Chinese investor without the New York counsel of record ever meeting or speaking to that investor (*see id.* ¶¶ 15-17), and (c) by Zoe Ma's new efforts (also referenced in the AC) to settle arbitration claims on behalf of a Chinese investor, supposedly as President of a new arbitration and litigation specialist company purportedly located in Casper, Wyoming – no doubt because of more lenient arbitration rules in that State – but which is in fact a virtual office being used by Zoe Ma from Illinois, and her attempting to file two arbitrations using that firm name but from her address in Illinois. (*See Id.* ¶ 18-19).

Tellingly, Zoe Ma has continued her efforts to engage in the unauthorized practice of law despite the fact that she is presently the subject of investigations by the authorities in the States of Illinois and New York for unlawfully practicing law. (*See Id.* ¶ 20). This Court should not countenance such an accumulation of improper conduct by a litigant in this and other courts and, therefore, should punish such abuse of the judicial process by exercising its discretion to strike the AC and impose attorneys' fees and costs.

## ARGUMENT

### I. ZOE MA HAS VIOLATED RULE 11 AND SANCTIONS ARE WARRANTED FOR THE VIOLATIONS

#### A. Rule 11 Legal Standard for Sanctions

Rule 11(b) of the Federal Rules of Civil Procedure provides, in pertinent part:

3

> "by presenting to the court a pleading, written motion, or other paper …an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances… (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; ... [and] (3) the factual contentions have evidentiary support ..." Fed. R. Civ. P. 11(b).

Rule 11 thus places an affirmative duty on litigants to make a reasonable investigation of the facts and the law before signing and submitting any pleading, motion or other paper. 2 MOORE'S FEDERAL PRACTICE 3D § 11.11[2][a] (Matthew Bender 3d ed.), *citing* Rule 11(b); *Retired Chicago Police Ass'n v. Firemen's Annuity & Benefit Fund*, 145 F.3d 929, 934-35 (7th Cir. 1998). Rule 11 applies equally to parties, regardless of whether they are *pro se*. *Vukadinovich v. McCarthy,* 901 F.2d 1439, 1445 (7th Cir.1990), *cert. denied sub nom. Vukadinovich v. Krawczyk,* 498 U.S. 1050, 111 S. Ct. 761 (1991).

In considering a motion for sanctions under Rule 11, the Court applies an objective standard of reasonableness. *See Business Guides, Inc. v. Chromatic Commc'ms Enters., Inc.,* 498 U.S. 533, 549, 111 S. Ct. 922 (1991). An attorney or party engages in sanctionable conduct if she has advanced a claim but failed to suggest *any* reason that she could have achieved success under existing precedents, and has failed to advance any reasonable argument to extend, modify or reverse the law as it stands. *Gurary v. Winehouse,* 235 F.3d 792, 798 (2d Cir. 2000). The test is an objective one, and alleged good faith is irrelevant. *See Id.* at 797 (Rule 11(b)(2) eliminates "empty-head, pure-heart" defense).

Fed. R. Civ. P. 11(c)(4) provides that sanctions under Rule 11 "may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for

4

effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." While a court has wide latitude to determine what sanctions should be imposed for a Rule 11 violation, a district court may impose sanctions by ordering a rule violator to make good its opponent for the harm caused by its violation through imposition of monetary sanctions, with one Court observing that "[t]he punishment should fit the crime, so fees and fines—which can be scaled as appropriate—often are the best sanctions." *Royce v. Michael R. Needle, P.C.*, 158 F. Supp. 3d 708, 713 (N.D. Ill. 2016), *opinion amended and supplemented sub nom. Royce v. Needle*, No. 15 C 259, 2016 WL 398182 (N.D. Ill. Feb. 2, 2016).

Zoe Ma cannot possibly succeed on her claims because she can neither allege nor prove that Defendants did anything improper or caused her any injury. Indeed, the allegations set forth in the AC assert alleged improper conduct by the Defendants not against the Plaintiff but rather against non-parties to this Action – Plaintiff's twelve so-called "clients" who were Chinese investors in the EB-5 fund. Plaintiff alleges that her "clients" were subject to alleged misrepresentations related to the EB-5 process, but not her. Quite simply, Zoe Ma cannot assert RICO claims based on alleged injuries to other parties. Therefore, the AC fails to state a RICO claim because it fails to plead the alleged racketeering activity referred to in the AC proximately caused any damage to Plaintiff and any amendment to the AC cannot change these facts.

Moreover, as more fully discussed below, Plaintiff's state law claims for malicious prosecution, defamation, "collusion," conversion, tortious interference and civil conspiracy are similarly frivolous. Indeed, the claims against the Defendants were frivolous from the onset and were filed merely to harass the Defendants. Zoe Ma lacked a good faith basis for signing and filing the Complaint, and Rule 11 sanctions should be awarded against her in an amount equal to

5

the total of all attorneys' fees and costs which Defendants have incurred to date or may hereafter incur in defending this action.

### B. Zoe Ma Has Violated Rule 11(b)(1) and (3)

An attorney or party may be sanctioned for presenting a claim that does not have "evidentiary support" [Rule 11(b)(3)] or if a claim is interposed for an improper purpose such as harassment or needless increase in litigation costs. [Rule 11(b)(1)]; *see also Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1080 (7th Cir. 2018) (Court did not abuse discretion in imposing sanctions for filing a baseless motion and rested on "an infirm factual foundation.") Here, Zoe Ma has violated Rule 11 and should be sanctioned for violating both Rule 11(b)(1) and (3). Zoe Ma filed the AC, which, as set forth in the Motion to Dismiss both the original Complaint and the AC, asserts claims that are not "plausible" under the Supreme Court's pleading standard under *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) and indeed are frivolous and interposed for an improper purpose. *See also Yeftich v. Navistar*, 722 F.3d 911, 915 (7th Cir. 2013); *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 803-09 (5th Cir. 2003) (*en banc*) (obtaining writ of judgment properly sanctioned when obtained for improper purpose of embarrassing defendant and generating press for plaintiff's counsel).

After the initial hearing in this matter, at which Zoe Ma represented that she intended to hire an attorney and revise her complaint, Defendants informed Zoe Ma of the pleading defects in her initial complaint and put her on written notice of their intent to file a motion for sanctions pursuant to Rule 11 if she continued to pursue her factually and legally meritless claims (the "Rule 11 Notice"). (Haddad Decl., ¶5, Exhibit C). Notwithstanding the opportunity to withdraw the claims in the Complaint within twenty-one days to avoid the motion for sanctions, Zoe Ma filed her AC, which includes the same claims and adds more frivolous claims.

In this action, Plaintiff asserts two claims for relief alleging violations of RICO and conspiracy to violate RICO. (Haddad Decl. Exhibit D ¶¶ 202-240). In addition, Plaintiff asserts additional causes of action based on state law, asserting claims for malicious prosecution, defamation, "collusion," conversion, tortious interference with a business relationship, and civil conspiracy of intentional interference with prospective economic relations. (*Id*. Exhibit D ¶¶ 241-301). Each of these claims lack "evidentiary support" and are "interposed for an improper purpose such as harassment or needless increase in litigation costs":

1. <u>Zoe Ma Lacks Standing</u>. "To establish standing to sue, a plaintiff in a civil RICO action must show injury to 'his business or property by reason of a violation of section 1962.'" *Cannon v. Burge*, No. 05 C 2192, 2007 WL 2278265, at *2 (N.D. Ill. Aug. 8, 2007) (*quoting* 18 U.S.C. § 1964(c)). Here, the allegations set forth in the AC allege improper conduct by the Defendants *not against the Plaintiff* but rather against non-parties to this action – Plaintiff's alleged twelve "clients" who were Chinese investors in the EB-5 fund. Plaintiff alleges that her "clients" were subject to alleged misrepresentations related to the EB-5 process, but not that she was.

2. <u>There Is No Causation Or Injury In Fact</u>. None of Zoe Ma's alleged damages arise from a claimed violation of RICO by Defendants against her. She alleges that her "clients" were subject to alleged misconduct related to the EB-5 process, including allegations that Defendants' coerced these "clients" to "give up claims" related to certain fees and interest in the EB-5 program. She alleges that as a result of this alleged coercion, she was deprived fees from her representation of these "clients." Without showing "clear and definite" damage to her "business or property" arising from Defendants' alleged conduct, Plaintiff's claim of alleged damages lacks any evidentiary support.

3. <u>The RICO Claims Lack Any Evidentiary Support</u>. Even if Zoe Ma had standing to assert a RICO claim (which she does not), her assertion of "RICO" claims for ordinary business

7

disputes is an abuse of the Courts and should be sanctioned. Courts have found an abuse of the RICO statute in attempts to shoehorn ordinary disputes into civil RICO claims. *McDonald v. Schenker*, 18 F.3d 491, 499 (7th Cir. 1994); *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1025-26 (7th Cir. 1992). A plaintiff asserting a RICO claim must "allege sufficient facts to support each element of [his] [] claims; it is not enough for plaintiff to simply allege these elements in boilerplate language." *Starfish Inv. Corp. v. Hansen*, 370 F. Supp. 2d 759, 768 (N.D. Ill. 2005). Zoe Ma's conclusory statements that Defendants engaged in mail and wire fraud merely by using the U.S. mail and bank wires do not meet the pleading standard and lack evidentiary support. (Haddad Decl. Exhibit D ¶ 219-220). Zoe Ma also scandalously, and without any evidence, alleges that "Defendants committed acts constituting indictable offenses under 18 U.S.C. §2314" by allegedly transporting and receiving stolen money and that "Defendants committed acts constituting indictable offenses under 18 U.S.C. § 1952" by traveling in furtherance of an alleged scheme to defraud. (*Id.*, Exhibit D ¶¶ 223, 226). Such allegations are similarly conclusory and unsupported by any facts and should be sanctioned. Further, allegations of securities fraud – the bulk of the allegations – cannot support a RICO claim. 18 U.S.C. § 1964(c). Finally, having alleged no racketeering activity, Zoe Ma obviously fails to allege a "pattern" of such. RICO plaintiffs must allege at least two related predicate acts that "amount to or pose a threat of continued criminal activity." *Brandon Apparel Grp., Inc. v. Quitman Mfg. Co.*, 52 F. Supp. 2d 913, 917-18 (N.D. Ill. 1999); *Midwest Grinding Co.*, 976 F.2d at 1024. No such pattern was or can be alleged, further revealing these RICO claims to be frivolous and requiring the imposition of sanctions.

    4.    <u>The State Law Claims Have No Merit</u>. The malicious prosecution claim is futile because the underlying action providing the basis of this claim[4] was dismissed for lack of personal

---

[4] *See U.S. Immigration Fund LLC, et al. v. Douglas Litowitz, Esq., et al.*, Supreme Court, State of New York, New York County, Index No. 159222/2018 (the "New York Action"), which is on appeal.

jurisdiction, which bars the claim because a dismissal for lack of jurisdiction cannot support a malicious prosecution claim. A dismissal on the merits is required. The defamation claims fail because they contain no details and because a statement by a non-lawyer calling another non-lawyer (albeit a paralegal in training) an "ambulance chaser" is a non-actionable opinion or hyperbole and in any event cannot impugn her because Zoe Ma is not an attorney. The "collusion" and conversion claims likewise fail because there is no cause of action for "collusion" and there has been no allegation of any ownership or right to possession of any specific property. Finally, Plaintiff's claims for tortious interference and civil conspiracy rely solely on the threadbare allegation that certain of the Defendants sent a letter to one of Plaintiff's "clients" stating that the Defendants will not talk to Plaintiff, but that the Defendants would be pleased to speak with any other qualified advisor for the investor. Defendants are free to speak to whomever they choose. There are no allegations that the Defendants advised anyone not to hire Plaintiff, or to discharge or not pay her, so these claims fail.[5]

Consequently, when Zoe Ma signed and filed the original Complaint and the AC, she violated Fed. R. Civ. P. 11(b)(1) and (3). Sanctions are warranted against her for requiring Defendants to incur costs and expenses to defend this action while knowing that she would never, and could never, sustain the claims. Rather, she filed this action solely in an effort to harass the Defendants and increase costs.

### C. Zoe Ma Has Violated Rule 11(b)(2) by Ignoring Precedent

Rule 11(b)(2) sanctions may be imposed for signing, filing, or later advocating a claim, defense, or other legal contention that is not warranted by existing law. *Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1079 (7th Cir. 2018). Here, Zoe Ma claims injury for alleged improper conduct not against her but against non-parties. None of her alleged damages arise from a purported violation of RICO by

---

[5] Moreover, the sole person who actually received the "Zoe Letter" (see AC ¶¶ 233, 237, 297) continues

Defendants, and there is no legal basis warranted by existing law to extend liability to conduct against non-parties. By insisting otherwise, Zoe Ma, who signed the frivolous pleading should be sanctioned in an amount equal to the total attorneys' fees and costs pursuant to Rule 11(b)(2).

## II. THE COURT'S INHERENT POWERS TO CONTROL LITIGANTS SHOULD BE INVOKED TO SANCTION PLAINTIFF FOR HER EGREGIOUS CONDUCT

### A. Inherent Powers Legal Standard for Sanctions

Courts have inherent powers to protect themselves from vexatious litigation, including from *pro se* litigants like Zoe Ma, by imposing sanctions. *Alexander v. United States*, 121 F.3d 312, 316 (7th Cir. 1997). Moreover, where, as here, that misconduct involves perpetrating a fraud upon the court and pleading frivolous claims solely intended to obstruct and harass an adversary so as to increase delays and costs, a sanction of attorneys' fees is appropriate:

> [A] court may assess attorney's fees when a party has "'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" In this regard, if a court finds "that fraud has been practiced upon it, or that the very temple of justice has been defiled," it may assess attorney's fees against the responsible party...

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S. Ct. 2123, 2133 (1991) (citations omitted).

A Court may further invoke its inherent powers to sanction a party by striking a pleading where that party is a non-lawyer who is participating in the unauthorized practice of law by asserting claims and preparing pleadings on behalf of third parties: "The Court has the inherent authority to impose sanctions for practicing law without a license, including striking pleadings." *Rotheimer v. Kalata*, No. 12-CV-1629, 2015 WL 996640, at *2 (N.D. Ill. Mar. 3, 2015); *see also U.S. v. Johnson*, 327 F.3d 554, 560 (7th Cir. 2003) ("[A] federal court's power to regulate and discipline attorneys ... extends to conduct by nonlawyers amounting to practicing law without a license.").

---

to employ her, so no claim is plausible. (*See ECF Document No. 27-9* and Haddad Decl. ¶15, Ex. K).

10

### B. Plaintiff Perpetrated a Fraud Upon This Court

The misconduct by Zoe Ma includes perpetrating a fraud upon this court, both (1) by misrepresenting to the Court an intent to hire an attorney and to include Chinese investors as co-plaintiffs, also to be represented by attorneys, and (2) by maintaining the same baseless claims that the Court specifically questioned in the parties' first appearance before the Court, instead of filing a "very different complaint," and by asserting new frivolous claims, which were asserted solely to obstruct, harass, delay and increase costs. (Haddad Decl. ¶¶ 3-4, Exhibit B at 3-4, 7).

#### 1. Misrepresentations in Court

On March 14, 2019, a hearing was held on Defendants' motions to dismiss the Initial Complaint. But instead of opposing the motions and responding to the Court's question to her standing to assert the claims, Zoe Ma requested additional time and an opportunity to file an amended complaint. In support of her motion, Zoe Ma falsely represented that she would hire a lawyer to represent her in this action and that twelve of her Chinese "clients" would likewise engage attorneys and appear as co-plaintiffs so that they can assert their own claims rather than Plaintiff continuing to do so. (*Id.*. ¶¶ 3-4, Exhibit B at 3-4). Zoe Ma did so to circumvent the inevitability of the Court then granting the motions to dismiss and concluding that any amendment would be futile. But Zoe Ma's representations were proven false, in that soon thereafter she filed the AC with the same claims yet without any attorney representing her, and without any of the Chinese investors as co-plaintiffs in this action, with or without counsel.

#### 2. Fraud in the Pleadings

Zoe Ma also perpetrates a fraud in her pleadings, first by asserting the same claims that the Court questioned (*Id.* ¶ 3), after suggesting she would not. Far from being *very different*, the AC asserts the same RICO, interference and conspiracy claims based upon the same alleged

11

misconduct perpetrated **not upon her**.[6]  She did so despite this Court's challenging her standing, and her suggesting that such will be cured by including co-plaintiffs.

Further, Zoe Ma added new, frivolous claims solely for the purpose of harassing Defendants, now including Attorney Haddad who represents most Defendants in this action and others, and who was named as a defendant in the AC.  More specifically, Zoe Ma included claims for malicious prosecution (alleged solely to harass Defendants, including Attorney Haddad as retaliation for his representation of some of the Defendants in this and other actions against Zoe Ma), defamation (alleged without any details of any defamatory conduct), "collusion" (there is no such cause of action), and conversion (there has been no allegation of any ownership or right to possession of any specific property).  Since these claims are baseless, it is obvious they were included solely to harass, delay and increase costs.  Moreover, as more fully discussed in the Haddad Declaration, Zoe Ma has demonstrated a pattern of asserting baseless claims in pleadings – and has been sanctioned by at least one other court for it.  (*See Id*. ¶ 9).  Zoe Ma's misconduct has resulted in an abuse of process serving no other purpose than to harass Defendants and insult the Court.  As such, an attorneys' fees sanction is warranted.

### C. Zoe Ma Is Engaging in the Unauthorized Practice of Law

Zoe Ma's egregious conduct in the instant action also includes asserting claims and representing interests of Chinese investors, both in this action and elsewhere, despite being specifically warned by the Court that because she is not a lawyer she cannot "represent other people."  (*See Id*, Exhibit B at 6).  But Zoe Ma has continued to engage in the unauthorized practice of law in this court and elsewhere.

---

[6] Plaintiff maintains in her Prayer For Relief both the $50 million damages and injunctive relief that are more appropriate if she represented the class of Chinese investors, which she does not and cannot.

Indeed, by continuing to assert in the AC the same claims on behalf of the same Chinese investors about which the Court warned Zoe Ma, she has spurned this Court's admonishment and continued to draft pleadings on behalf of third parties. (*Id.* Exhibits A, C). As such, this Court should sanction this conduct by striking the AC. *Rotheimer v. Kalata, supra*, No. 12-CV-1629, 2015 WL 996640 (N.D. Ill. Mar. 3, 2015); *see also U.S. v. Johnson, supra*, 327 F.3d at 560.

Moreover, as more fully set forth in the Haddad Declaration, the AC is brimming with admissions of Zoe Ma's own misbehavior that demonstrate the unauthorized practice of law, such as where she refers to her conduct as undertaking "fraud analysis" or "fraud investigation," or being "proficient with all legal documents related to EB-5 fund raising and provid[ing] US legal information to Chinese EB-5 investors." (*Id.* ¶ 11, Exhibit G).

But Zoe Ma's brazen disregard for this Court's inherent powers to safeguard itself and others from the unauthorized practice of law is most keenly demonstrated by her admission in the AC that she analyzed legal documents, made a legal judgement that such documents constituted a "scheme to rob Chinese EB-5 investors," including her "client" described as "Member X," and advised that person to take action, likely to her/his detriment – all at a time when Zoe Ma was not affiliated with a lawyer and unauthorized to practice law. (*Id.* ¶¶ 11-12, Exhibits D and G).

Further, Zoe Ma has improperly been asserting claims on behalf of Chinese investors in other courts and venues. As more fully described in the Haddad Declaration she has inserted herself as a "translator" and as "an independent paralegal-in-training" for a plaintiff-Chinese investor in a New York State Court proceeding, but where the evidence demonstrates that she has actually been directing the New York lawyer she hired for her "client" and apparently drafted an affidavit purportedly sworn to by the plaintiff, which was filed as if it was the plaintiff's own words – when in truth the plaintiff never signed the document, speaks and reads no English, no

13

Chinese translation was included, and the New York lawyer neither met nor spoke with the plaintiff. (*Id.* ¶¶ 15-16, Exhibits I, J and K). Such conduct was unlawful because it "improperly inverted the attorney-client-paralegal dynamic." *See U.S. v. Johnson, supra*, 327 F.3d at 562. The relevance to this proceeding is that Zoe Ma references the AYB matter and her AYB "client" in the AC. More significantly, in a recent hearing in that New York State Court proceeding, the New York counsel for that Chinese investor admitted that Zoe Ma inverted the attorney-client-paralegal dynamic: "Unfortunately, [Gou's] expectations were sort of mismanaged by the person who introduced me to her [Zoe Ma]." (Haddad Decl. ¶ 17, Exhibit L).

Finally, Defendants recently received an email from Zoe Ma attempting to negotiate a settlement for yet another EB-5 Chinese investor,[7] and in the email she now claims the title of "President" in an entity with the name "EB-5 Arbitration and Litigation Specialists, LLC" purportedly in Casper, Wyoming. But the corresponding website for that address in Casper, Wyoming demonstrates that it is in fact a virtual office, capable of being utilized by Zoe Ma from her residence in Illinois. (*See* Haddad Decl. ¶ 18, Exhibit M). As such, this demonstrates Zoe Ma's intent to insult this Court's inherent power to regulate the practice of law by pretending to do business in Wyoming,[8] when in fact she is operating in Illinois.[9] In an advisory opinion the Illinois State Bar Association concluded: "[A] nonlawyer representing a party [in arbitration]

---

[7] This Chinese investor is the same person described as "Member Y" in the AC at ¶¶ 110-11.

[8] No doubt Zoe Ma chose Wyoming because there is no prohibition on non-lawyers participating in arbitrations in Wyoming, and many of Defendants' EB-5 agreements contain arbitration clauses. Haddad Decl. ¶ 15; *see* Rules Governing the Wyoming State Bar and the Authorized Practice of Law, Rule 7(c)(9).

[9] Zoe Ma has recently attempted to commence two arbitration proceedings before the American Arbitration Association for these same two Chinese investors. Tellingly, in so doing she is attempting to file under the firm name EB-5 Arbitration and Litigation Specialists, but that the address she is giving is her Illinois address. (Haddad Decl. ¶ 19).

14

would constitute the unauthorized practice of law." ISBA Advisory Opinion 13-03 (January 2013).[10]

We understand that formal complaints have been filed with the appropriate authorities in both Illinois and in New York about Zoe Ma's unauthorized practice of law, and investigations have been commenced in both states that are ongoing. (*Id.* ¶ 20). But in view of the brazen, repetitive and unscrupulous manner in which Zoe Ma has been perpetuating fraud upon the Court and engaging in the unauthorized practice of law, this Court should invoke its inherent powers and award Defendants their attorneys' fees and costs and strike the AC.

## **CONCLUSION**

For the reasons set forth above, the Defendants request that the Court strike the AC and award sanctions against Zoe Ma in a monetary amount equal to the attorneys' fees and costs expended by the Defendants pursuant to its inherent powers and Rule 11.

Dated: May 17, 2019

| LAWRENCE KAMIN LLC | OTTERBOURG P.C. |
|---|---|
| By: /s/ Peter E. Cooper | By: /s/ Richard G. Haddad |
| Peter E. Cooper | Richard G. Haddad |
| (pcooper@lawrencekaminlaw.com) | (rhaddad@otterbourg.com) |
| 300 South Wacker Drive, Suite 500 | 230 Park Avenue |
| Chicago Illinois 60606 | New York, New York 10169 |
| Tel: (312) 372-1947 | Tel: (212) 661-9100 |

*Attorneys for Defendants*

---

[10] FINRA was the specific forum for the arbitration at issue in this ISBA opinion, which further stated that the Bar's discussion of "nonlawyer representation in FINRA arbitration may or may not be applicable to arbitrations conducted by other agencies or entities, depending on the nature of the proceedings there involved and the extent to which a party representative's action therein may be said to constitute the practice of law." (*Id.* at 3, n. 1)