# EXHIBIT "A"

# AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between            Case No. 01-19-0001-6368

YAN LIXING and "JOHN DOE 1-30"'

           Claimants,

and

NICHOLAS MASTROANNI, II, 1568 BROADWAY

FUNDING 100 GP, LLC, NYC 2000 INVESTMENT,            DECISION AND ORDER

LLC,

           Respondents,

and

1568 BROADWAY FUNDING 100 LLC,

           Nominal Respondent.

Pursuant to the Commercial Arbitration Rules of the American Arbitration Association (AAA) effective October 1, 2013, and with leave granted by the Arbitrator, Respondents filed a motion to exclude from the confidentiality provision found in Paragraph 1 of Scheduling Order #1, (a) the Arbitrator's Decision and Order issued on May 4, 2020 denying the motion of Zoe Makhsous to exclude certain documents from the confidentiality provision; (b) Scheduling Order #1 dated October 15, 2019 entered by the prior Arbitrator, the Hon. George D. Marlow; (c) an email chain containing a May 7, 2020 email from Ms. Makhsous to the Arbitrator (Exhibit B to the motion). The motion is basically unopposed.

The Arbitrator hereby determines as follows:

1. Ms. Makhsous had requested an Order excluding two documents from the confidentiality provision, namely the brokerage agreement governing Mr. Yan's investment, which had been produced by Respondents in this case, and a certain email written by attorney Haddad that was sent to the prior Arbitrator on August 13, 2019. Her stated intention was to utilize and attach the documents as part of a Second Amended Complaint to be filed in a Federal Court matter in Illinois in which she is the pro se plaintiff.
2. On May 4, 2020, the Arbitrator issued a Decision and Order denying Ms. Makhsous' motion in its entirety. The relief sought would not be probative of any evidence relevant to this case, nor would it further the progress of this case in any way. It related solely to Ms. Makhsous' personal litigation in Illinois. Moreover, as set forth in the Decision, there was no reason in fact or law to reconsider or disturb the Order issued by the prior Arbitrator.
3. Shortly after issuance of the Decision, on the afternoon of May 4, Ms. Makhsous sent an email to the Arbitrator, counsel and the AAA, advising that she was resigning as the representative for Mr. Yan in this case and that all communications should thereafter be with Mr. Yan. There was no indication that Mr. Yan was copied on the email. Therefore, the Arbitrator requested proof that Ms. Makhsous had given prior notice to Mr. Yan of the "resignation" and that she provide a current address for him.

4. Ms. Makhsous replied on May 7 by email, in which she stated that she had contacted Mr. Yan the previous day, May 6 (purportedly confirmed by attached screen shots of a WeChat conversation). This leaves room for doubt that Mr. Yan was informed of the resignation prior to its occurrence on May 4, as well as what he knew or understood about her actions.
5. It now appears that on May 5, 2020, Ms. Makhsous filed the Second Amended Complaint in her suit and included the very two documents that were the subject of her motion, in direct contravention of the Arbitrator's Order of May 4, 2020. In her email of May 7, she states: "I had to breach the confidentiality agreement because it was unfair to me."
6. Respondents have filed the present motion because they desire to reference and attach the documents referred to in an application to the Illinois Federal Court for sanctions.
7. The Arbitrator finds that Ms. Makhsous' conduct was intentional and willful. Any doubt of that is removed by her own language in the May 7, 2020 email. Her conduct runs contrary to the basic rules of law and procedure governing our system of jurisprudence. If every litigant who felt aggrieved by an Order were free to violate it to achieve his/her personal sense of "fairness", we would have nothing short of chaos. That Ms. Makhsous took it upon herself to do whatever she wanted, as if the Order did not exist, is a flagrant example of bad faith and disrespect for authority. Were she an attorney, there is no question that the Rules of Professional Conduct would be implicated. The facts present here would, in a court of equity, also likely trigger application of the doctrine of unclean hands. *See Hageman v. 28 Glen Park Assoc.,* 402 N.J. Super. 43, 54 (Ch. Div. 2008) (plaintiff's "bad faith, trickery and deception" toward the court justified dismissal of his complaint).
8. Under these circumstances, Respondents' request for relief from the confidentiality provision must be viewed in a different light and determined under a different standard than that used in denying such relief to Ms. Makhsous. To allow Ms. Makhsous to use the offending documents in the Illinois Federal Court, without allowing Mr. Haddad to demonstrate its wrongfulness, would not foster common honesty and decency and would effectively stamp with approval her inequitable conduct. Her own actions have made this relief necessary and appropriate.
9. Thus, Mr. Haddad will be permitted to put before the Federal Court the Decision and Order dated May 4, 2020, Scheduling Order #1 and the email chain between Ms. Makhsous and the Arbitrator, containing her email of May 7. The part of the email chain consisting of Mr. Haddad's request to the Arbitrator to file the present motion is pure argument and should be redacted.

For the above reasons it is ORDERED:

1. The motion is granted to the extent that (a) the Decision and Order of May 4, 2020, (b) Scheduling Order #1 dated October 15, 2019, and (c) the email chain to and from Ms. Makhsous and the Arbitrator that is Exhibit B to the motion, except for the email from Mr. Haddad requesting permission to file the motion, may be used in the Illinois litigation and shall not be deemed a violation of the confidentiality provision that governs this case.

Dated: May 13, 2020
Signed: Harriet F. Klein, J.S.C. (Ret.), Arbitrator